DISTRICT OF DE...
2008 AUG 13  AM 9:56

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Omega Consulting, as Assignee of Ramesh H. Bhat<br>**Plaintiff**<br><br>-v-<br><br>Firstmark Corporation<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. _____<br><br>VERIFIED COMPLAINT FOR DAMAGES, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, GROSS MISMANAGEMENT, WASTE |

COMES NOW, Omega Consulting, Plaintiff and Assignee of RAMESH H. BHAT, and files this lawsuit against Defendants, Capitol Securities, Inc & Firstmark Corporation, jointly and individually, for damages for breach of breach of fiduciary duty, breach of contract, gross mismanagement, and waste as those terms are understood in law.

## PARTIES

1. Omega Consulting, (hereinafter "Plaintiff") is the Assignee of RAMESH H. BHAT, and Plaintiff is a sole proprietorship organized and existing under the laws of the State of Texas and has a principal place of business at 7706 Pinebrook Drive; San Antonio, Texas 78230.

2. Defendant Firstmark Corporation is a Delaware corporation whose last known business address is in Ohio at 200 W. Washington St; Indianapolis, IN 46204.

## SERVICE

3. Pursuant to 8 Del.C. § 321, process may be effectuated upon Firstmark Corporation by delivering duplicate copies of the papers to be served to the Secretary of State, along with fifty dollars ($50), and a declaration that service is being effectuated under said statute.

## JURISDICTION

4. This Court has jurisdiction over this matter under 28 U.S.C. 1332, as the plaintiff's state of citizenship, Texas, is diverse from those of the defendant, Delaware.

5. Venue is proper here pursuant to 28 U.S.C. 1391 because the defendant is incorporated in the District.

6. Additionally, the amount in controversy exceeds the minimum jurisdictional amount of this Court, for which damages, Plaintiff now sues.

## BACKGROUND FACTS

7. On March 1, 1990, Defendant, Firstmark Corporation's corporate charter was canceled by the Division of Corporations for the State of Delaware. On July 29, 1992, the corporation's charter and/or certificate of authority to conduct business in Indiana was revoked by the Indiana Secretary of State.

8. On August 26, 1988, said Defendant filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Indiana. That bankruptcy case closed on January 17, 1996. The corporation did not receive a discharge of its debts. Since January 18, 1996, said defendant has not wound up its incidental affairs under the state of Indiana's corporation statutes, nor under Delaware corporation statutes.

9. On or before June 27, 2008, Assignor, RAMESH H. BHAT discovered that defendant, Firstmark Corporation continued to own valuable choses in action or rights to recover unclaimed corporate assets totaling $95,000 or more which are being held in the unclaimed property registry for the bankruptcy court for the Southern District of Indiana, and which assets reasonably

could have been utilized to satisfy an outstanding obligation to said Assignor totaling One Hundred Thousand Dollars ($100,000), which represents original unpaid principle from cash investments and/or equity disbursements made by Assignor to said Defendant.

10. Plaintiff declares under penalty of perjury that said corporation is indebted to plaintiff in the minimum amount of One Hundred Thousand Dollars ($100,000.00), and this debt and/or claim has not been paid.

11. Since January 17, 1997, Defendant Firstmark Corporation has abandoned all responsibility and obligation to wind up the defendant's affairs. Nevertheless, the defendant has continued to exist as a dissolved corporation with an express responsibility to wind up such incidental affairs as provided in Indiana and Delaware corporation statutes. Corporate obligations have maintained their viability, and the Defendant continues to owe duty and obligations to the creditors like Plaintiff.

12. Plaintiff shows that based on fundamental concepts of equity and general dissolution practice, the assets of a dissolved corporation belong to its creditors and such assets continue to be subject to claims that have not been addressed during the required winding up activity.

13. Upon information and believe, Plaintiff believes that the Defendant Firstmark Corporation is the legal owner of cash assets, and holder of a choses in action or claim in the amount of Ninety-Five Thousand Dollars Nine Hundred Sixty-Four Dollars & Seventeen Cents ($95,964.17).

14. Plaintiff would show that since the property described above reachable as a matter of equity and/or law by Defendant Firstmark Corporation, and therefore said choses in action is reachable and recoverable by Plaintiff and Assignee as the holder of claims, rights, and/or privileges

against said defendant as a victim of breach of fiduciary duty, breach of contract, gross mismanagement, fraud, negligent, etc.

15. Plaintiff would show that as a direct result of Defendant Firstmark Corporation's breach of fiduciary duty, breach of contract, fraud, overreaching, gross misfeasance, nonfeasance, negligence, and/or gross mismanagement, said defendant has failed to recover and utilize the unclaimed property assets described above for payment of obligations owed to Plaintiff.

16. Plaintiff would show that damages have been sustained as a result of Defendants action and/or inaction.

17. Assignor discovered in February that the Defendant Firstmark Corporation had failed to wind up its affairs by recovering, reclaiming, and maximizing the benefit of certain choses in action, tangible property or unclaimed assets. The Assignor has assigned his rights, interests, and privileges to Omega Consulting.

18. Neither Indiana, nor Delaware corporation statutes show any effort by Defendant Firstmark Corporation to embrace the winding up provisions of the corporation statutes by sending the notices to known creditors as contemplated under the provisions of such statutes.

### FIRST CAUSES OF ACTION
(For Breach of Fiduciary Duty & Breach of Contract)

19. Defendant Firstmark Corporation had an express and unavoidable duty and obligation to gather any remaining assets and pay any remaining debts, including the damages described herein.

20. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

21. Defendant Firstmark Corporation owed to Plaintiff a fiduciary duty to exercise due care in their oversight of the affairs of the company. The defendant's duty of care included, among other things:

   a. the duty to remain adequately informed of the company's affairs, policies, practices, and procedures;

   b. the duty to establish and maintain adequate internal controls to ensure that the company engaged in dissolution procedures in a prudent, reasonable and lawful manner;

   c. the duty to supervise management and make sure that management carried out the company's policies, practices, and procedures;

   d. the duty to act in the best interests of the company and/or its creditors;

   e. the duty to ensure that management acted in the best interests of the Company and/or its creditors;

   f. the duty to make informed decisions regarding the company's use and preservation of its assets;

   g. the duty to prevent waste of the company's assets;

   h. the duty to properly address and ensure resolution of significant issues that could adversely impact upon the equitable interests in the company's assets; and,

   i. the duty to properly oversee and guide the company in its financial and corporate affairs.

22. In discharging these duties, Defendant Firstmark Corporation was required to exercise reasonable care.

23. Defendant Firstmark Corporation has willfully, recklessly, grossly and negligently breached its fiduciary duty of care to creditors, including the Assignor, among other things:

    a.    failing to remain adequately informed regarding the gathering of assets and discharge of corporate liabilities;

    b.    failing to implement appropriate measures to insure that compliance with Texas' statutory and common law obligations to discharge the company's liabilities from the available assets;

    c.    failing implement appropriate measures to prevent the blatant failure of the company to pursue an acceptable dissolution process, leading to a deterioration and waste of corporate assets;

    d.    failing to prevent company management from violating applicable federal and state laws, rules, and regulations, or the company's policies, practices, and procedures;

    e.    failing to challenge inappropriate or potentially illegal conduct of management;

    f.    failing to act in the best interests of the company and failing to ensure that management acted in the best interests of the company;

    g.    failing to properly supervise company management in implementing appropriate and acceptable dissolution procedures;

    h.    failing to make informed decisions regarding the company's use and preservation of its assets;

gather the assets of the corporation and to discharge the liability owed to such Plaintiff. The company has breached this duty.

25. Plaintiff would show that the actions of the Defendant Firstmark Corporation are the result of willful mismanagement, gross negligence, and/or reckless disregard towards duties owed to creditors, including those such as Plaintiffs. Said company has intentionally, knowingly, and with conscious indifference failed to fulfill duties owed to creditors, including those like Plaintiff. With conscious indifference and/or intentional disregard and/or grossly negligent conduct, said company has allowed the assets of the corporation to be wasted and/or failed to take reasonable steps to ensure that the corporation's assets are utilized to discharge the liabilities owed to creditors, including those like Plaintiff.

## ACTUAL DAMAGES

26. As a direct and proximate result of defendant's breach of his fiduciary duties, as described in the previous paragraphs, Plaintiff has sustained damages that exceed this Court's minimum jurisdictional amounts. Those damages total at least One Hundred Thousand Dollars ($100,000), which represents the original unpaid principle amount of cash investments and/or equity

    i.        exhibiting a conscious disregard and/or a reckless failure to address the known claims and liabilities of the company;

    j.        failing to prevent waste of the company's assets

    24.      It is well settled under Indiana and/or Delaware law that a insolvent corporation, like Defendant Firstmark Corporation, owes a duty to its creditors, including those such as Assignor, to

disbursements made by Assignor to Defendant and/or Defendant's Parent Company), plus applicable interest for which damages, Plaintiff now sues.

### SECOND CAUSES OF ACTION
### (For Gross Mismanagement)

27.　Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-19 as if fully set forth herein.

28.　Defendant Firstmark Corporation had a fiduciary duty to properly supervise, direct and control the operations of said company and the activities of its management to ensure that said company was operated in a prudent, reasonable and lawful manner.

29.　Additionally, and without limiting the previous causes of action, during the relevant time period when the Defendant Firstmark Corporation was required to properly manage the affairs of said defendant company, Defendant Firstmark Corporation either (i) failed to properly supervise management, (ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Firstmark Corporation's management, and/or (iii) either approved such activities or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

30.　As a direct and proximate result of the gross mismanagement of the affairs of the Defendant Firstmark Corporation, creditors like Assignor and its Assignee, have suffered damages, which, in this instance, total One Hundred Thousand Dollars ($100,00).

### THIRD CAUSE OF ACTION
### (For Waste Against Defendant and Does)

31.　Plaintiff repeats and realleges each and every allegation set forth above in ¶s 1-16 as if fully set forth herein.

32.　Additionally, and without limiting the previous causes of action, Defendant Firstmark Corporation had a fiduciary duty to creditors, like the Assignors and its Assignee, to properly supervise, direct and control the operations of the Defendant Firstmark Corporation and the activities of management subsequent to its administrative dissolution to prevent any waste of the Defendant Firstmark Corporation' assets.

33.　During the relevant time period when the Defendant Firstmark Corporation was required to prevent waste of the Defendant Firstmark Corporation' assets, the Defendants either:

　　(i) failed to properly supervise management,

　　(ii) knew or recklessly disregarded the unreasonable conduct of the Defendant Firstmark Corporation' management as described herein, and/or

　　(iii) either approved such activities, or, in bad faith, failed to take appropriate remedial measures to prevent or resolve them.

34.　As a direct and proximate result of the Defendant Firstmark Corporation's gross mismanagement of the affairs of Defendant Firstmark Corporation, creditors like Assignor and its Assignee, suffered the damages as previously alleged herein.

35.　By reason of the foregoing, Assignor suffered damages which rights thereto have been Assigned to Omega Consulting. Such Assignee will continue to suffer such damages unless relief is granted. Those damages total One Hundred Thousand Dollars (100,000).

## REQUEST FOR TRIAL BY JUDGE

36.　Plaintiff requests that this matter be tried before Judge, and reserves the right to request a jury trial.

## PRAYER

WHEREFORE, Plaintiff, Eric B. Dangerfield d/b/a Omega Consulting, as Assignee of Ramesh H. Bhat prays that this Court enter appropriate orders as requested herein pursuant to law and equity for actual damages in the Total Amount of One Hundred Thousand ($100,000), plus attorney fees and costs.

Dated: 8-12-08, 2008

OMEGA CONSULTING, as Assignee of
RAMESH H. BHAT

BY: _____
Eric Dangerfield, Pro Se
7706 Pinebrook Dr
San Antonio, Texas 78230
Tel-(210) 430-0649
Fax-(206) 888-4687
Email: omega77x7@yahoo.com

## NOTARY ACKNOWLEDGMENT

BEFORE ME, in the County of **BEXAR**, in the State of **TEXAS**, personally appeared **ERIC DANGERFIELD**, who provided valid identification and executed this instrument.

DATE: 8/12/08                      _____
                                   NOTARY PUBLIC
                                   MY Commission Expires: 6/25/11



MORDECHAI B. HELBON
MY COMMISSION EXPIRES
June 28, 2011

VERIFIED COMPLAINT - Pg. 10

08-509

≉JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Omega Consulting, as Assignee of Ramesh H. Bhat

**DEFENDANTS**
Firstmark Corporation

(b) County of Residence of First Listed Plaintiff  BEXAR (TX)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  New Castle (DE)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eric Dangerfield d/b/a Omega Consulting; 7706 Pinebrook Dr; San Antonio, Texas 78230; Te-(210) 430-0649; Fax-(206) 888-4687

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  |  | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
Breach of Contract, Waste, 28 USC 1391, 28 USC 1332 Damages over $100,000

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

# Ωmega
# CONSULTING

7706 Pinebrook Drive • San Antonio, Tx 78230 • Phone-(210) 430-0649 • Fax-(206) 888-4687 • omega77x7@yahoo.com

August 12, 2008

<u>Via Overnight Mail</u>
U.S. District Court for Delaware
ATTN: CLERK OF COURT / FILING DEPARTMENT
J. Caleb Boggs Federal Bldg
844 North King Street
Wilmington, DE 19801-3519

    Re:    Omega Consulting vs. Firstmark Corporation
           Case No:        TBA

Dear Sirs\Madams:

Please find enclosed an original verified complaint, along with four (4) summons to be issued by the clerk's office, along with a money order in the amount of $350 to cover filing fees. A pre-paid United Postal Service overnight mail envelope is enclosed for returning the file-stamped complaint, and clerk-stamped summons to the undersigned.

Thank you for your prompt attention.

                                    Respectfully yours,

                                    Eric Dangerfield, Pro-Se

2008 AUG 13 AM 9:53

Rec# 153035

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:   C.A.# _____

CASE CAPTION: _____ v. _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received   August 15, 2008           Signed: X _____
by Plaintiff:                                     Pro Se Plaintiff

Date Received _____      Signed: _____
by Clerk's office:                                Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                        If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801
                                                 8/13/08
                                                 Date mailed
                                                 _____
                                                 By Deputy Clerk

cc:   Docketing Clerk

wp\forms\rule4receipt 2-04

*cc*

DISTRICT OF DELAWARE

2008 AUG 18  AM 9:22

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ____509_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

_____8/13/08_____    X _____[signature]_____ 8-15-08
(Date forms issued)         (Signature of Party or their Representative)

                             X _____
                             (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action